IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-203-RJC
(3:09-cr-152-RJC-1)

| | |
|---|---|
| NATHANIEL DEVON BAILEY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) |
| | ) ORDER |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |
| | ) |

**THIS MATTER** is before the Court on Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence. (Doc. No. 1). The Court has conducted an initial review of Petitioner's motion and finds that no response is necessary from the Government. For the reasons that follow, Petitioner's Section 2255 Motion will be denied and dismissed.

I.     BACKGROUND

On August 18, 2009, Petitioner was charged in an indictment by the Grand Jury sitting for the Western District of North Carolina. Count One charged Petitioner with conspiracy to distribute or to possess with intent to distribute 5 grams or more cocaine base on November 12, 2008; Count Two charged Petitioner with possessing 5 grams or more of cocaine base with intent to distribute on that same date; Count Three charged Petitioner with possessing a firearm on November 24, 2008, after being convicted of a felony; Count Four charged Petitioner with possessing cocaine base with intent to distribute on November 24, 2008; and Count Five charged Petitioner with carrying a firearm during and in relation to that offense, or possessing a firearm in furtherance of that offense. (Case No. 3:09-cr-152, Doc. No. 1).

1

On September 2, 2009, Petitioner made his initial appearance before the magistrate judge and entered a plea of not guilty. On November 16, 2009, Petitioner's court appointed counsel filed a motion to suppress tangible evidence and statements which were related to Petitioner's arrest. (Case No. 3:09-cr-152, Doc. No. 27). Petitioner's motion to suppress came on for hearing before the undersigned on February 8, 2010. The Government presented the testimony of T.J. Goforth, a lieutenant of the Monroe Police Department, who participating in an undercover drug purchase investigation involving Petitioner on November 12, 2008. Law enforcement received a tip from a confidential informant that Petitioner would sell crack cocaine to the informant. A buy/sell transaction was arranged and Petitioner and another individual arrived at the pre-arranged meeting site. After the sale to the informant, Petitioner was arrested.

Petitioner signed a waiver of rights form and agreed to cooperate with law enforcement. Lieutenant Goforth testified that Petitioner expressed that he knew what he had done was bad because he was already on federal probation, and he wanted to try and cooperate. (Case No. 3:09-cr-152, Doc. No. 44: Transcript of Suppression Hearing at 10-13). Petitioner was released from custody following his agreement to participate in two drug buys. After repeated attempts to contact Petitioner by law enforcement to set up the drug buys, a warrant for his arrest was issued for the November 12th drug transaction. (Id. at 14). On November 24, 2008, law enforcement received information on Petitioner's whereabouts. The police were informed that Petitioner would have drugs and a gun on his person.

Detective Ronnie Wood testified at the hearing. Det. Monroe was present during the November 12th arrest of Petitioner. On November 24th, Det. Wood observed Petitioner driving a green Cadillac and initiated a traffic stop with the intention of serving Petitioner with the arrest warrant and thereafter taking him into custody. (Id. at 31-35). Petitioner exited the vehicle and

was patted down for weapons. Officer McAllister testified that he found firearm ammunition in Petitioner's right front pocket. McAllister testified that he knew Petitioner had a previous conviction for being a felon in possession of a firearm and that there was ammunition missing from the box recovered from Petitioner. McAllister developed a suspicion that there must be a firearm nearby based on the missing ammunition. (Id. at 57-62). A search of the vehicle's glove box uncovered a loaded handgun and crack cocaine. The bullets found on Petitioner's person matched the bullets found in the loaded handgun. Petitioner was taken into custody and booked on charges related to the gun and drugs which were recovered. The federal charges contained in his indictment followed based on the evidence obtained from the arrest on November 12th and November 24th.

After hearing the testimony presented and arguments from counsel, the Court found that the motion to suppress should be denied in its entirety. On February 16, 2010, the case proceeded to trial. On February 18th, the jury returned a verdict finding Petitioner guilty of all counts charged in his indictment. (Case No. 3:09-cr-152, Doc. No. 51: Jury Verdict). On November 18, 2010, Petitioner appeared with counsel for his sentencing hearing. The Court sentenced Petitioner to a combined term of 135 months for conviction of counts one through five. (Case No. 3:09-cr-152, Doc. No. 66: Judgment in a Criminal Case at 2).

On December 7, 2010, Petitioner filed a timely notice of appeal to the United States Court of Appeals for the Fourth Circuit. (Case No. 3:09-cr-152, Doc. No. 68). On appeal, as is relevant to the pending Section 2255 motion, Petitioner argued that the trial court erred in denying his motion to suppress the search of the green Cadillac and Petitioner raised a claim about deficiencies in his arrest warrant which was executed during his November 24, 2008 arrest. In a per curiam Opinion, the Fourth Circuit disagreed. United States v. Bailey, 466 F.

App'x 177 (4th Cir. 2012) (unpublished). The Court found "that the district court did not err in denying [Petitioner's] motion to suppress evidence seized during the search of his vehicle." Id. at 178-79. Petitioner's conviction was upheld but his "sentence as to the order directing reimbursement of attorney's fees" was vacated and remanded for resentencing. Id. at 180. On March 27, 2012, the trial court entered an amended judgment which removed the provision pertaining to attorney's fees. (Case No. 3:09-cr-152, Doc. No. 81: Amended Judgment). Petitioner did not file an appeal from the Amended Judgment.

On March 29, 2012, Petitioner filed the present Section 2255 motion. Petitioner raises one issue for consideration. Petitioner claims his trial counsel "was ineffective for failing to argue correctly at the suppression hearing that the affidavit of probable cause of cause/complaint was invalid, because the information in the arrest warrant was a fourth amendment violation." (Doc. No. 1 at 11).

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. Petitioner has requested an evidentiary hearing. (Doc. No. 1 at 8). After having considered the record in this matter, the Court finds that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

On appeal, Petitioner raised the claim that the trial court erred in denying his motion to suppress and Petitioner raised the claim that his arrest warrant, executed on November 24, 2008, which was the basis for the traffic stop, was deficient. In his Section 2255 motion, Petitioner

4

raises the same claim which was decided against him by the Fourth Circuit. Bailey, 466 F. App'x at 178-79. Because this claim has already been decided against Petitioner, he is foreclosed from bringing this claim through a Section 2255 proceeding.

Case law makes plain that an issue which is decided on direct appeal cannot be recast in the form of a § 2255 motion in the absence of a favorable, intervening change in the law. See Davis v. United States, 417 U.S. 333, 342 (1974); Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976) ("[O]nce a matter has been decided adversely to a defendant on direct appeal it cannot be relitigated in a collateral attack under Section 2255."). Petitioner does not make a claim regarding an intervening change in the law. Rather, it is clear that Petitioner is attempting to smuggle his argument regarding a deficient warrant in through his claim for ineffective assistance of counsel. The Fourth Circuit's review of the trial record and of Petitioner's argument regarding a defective warrant prevents his effort to relitigate this issue on collateral review under the guise of a claim of ineffective assistance of counsel. See United States v. Bell, 5 F.3d 64, 66 (4th Cir. 1993) (The law of the case doctrine "forecloses relitigation of issues expressly or impliedly decided by the appellate court."). The argument regarding ineffective assistance of counsel is therefore denied.

## IV.  CONCLUSION

**IT IS, THEREFORE, ORDERED** that Petitioner's Section 2255 motion is **DENIED** and **DISMISSED**. (Doc. No. 1).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (stating that in order to satisfy § 2253(c), a

petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: August 6, 2012

Robert J. Conrad, Jr.
Chief United States District Judge